[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs bring the instant action as a petition to discharge a mortgage and for damages pursuant to General Statutes § 49-13. The issues were joined by the defendant who, at time of trial, withdrew its counterclaim sounding in foreclosure. The court, after full hearing, finds the following:
(1) The mortgage subject of the petition was given to secure a debt running to the defendant in the face amount of $7000.
(2) Said mortgage was recorded on the land records in the town of Newtown on November 17, 1983 at volume 317, pages 784-788.
(3) The plaintiff, ME Land Group, and its immediate predecessors in title, held an undisturbed possession of the property for more than six years after the expiration of the time limited in the mortgage for full performance of the conditions thereof and prior to the commencement of this action.
(4) The plaintiff, Robert Hall, has an interest in the subject matter of the petition as a title indemnitor by way of the underlying debt.
(5) No evidence was offered of any payment on account of the debt secured by the mortgage within the time frames set forth in § 49-13 (a) (1).
(6) No evidence was offered to establish any other act in recognition of a valid mortgage.
(7) From the time the mortgage was executed in 1983 through December of 2001, Joseph Kasper was the president of Kasper Associates, Inc., and Kasper-Ryan Associates, Inc. was a wholly owned subsidiary.
(8) The Court credits Kasper's testimony that there was no original CT Page 12891 mortgage note or deed in his possession or in the possession of either corporate entity. In fact, no evidence of the mortgage could be found and no action was taken in furtherance of the mortgage until the instant action was commenced.
(9) Credible evidence was offered to establish satisfaction of the mortgage through plaintiff ME's predecessor in title, Sylvia Bernstein. No credible evidence was offered to rebut her testimony.
(10) Demand was made for release of the mortgage pursuant to statute.
(11) The defendant has failed to provide a release, notwithstanding an acknowledgment of the demand.
(12) Based upon the testimony of Bernstein and Kasper, a reasonable inference can be drawn that the mortgage was satisfied and the court does so conclude.
Under the above facts, as found, the court hereby declares the mortgage invalid as a lien against the real estate.
The court finds the issues for the plaintiff on the defendant's pleadings.
Judgment is entered for the plaintiff as follows:
1. The mortgage is declared invalid and ordered discharged.
2. Damages are awarded pursuant to statute in the sum of $5000.
3. Attorney's fees in the amount of $2500.
4. Costs are awarded.
___________________ Comerford, J. CT Page 12892